IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS NOLAND,**

    **Petitioner,**

    v.                                  **CASE NO. 2:05-cv-682**
                                          **JUDGE MARBLEY**
**PAT HURLEY, Warden,**             **MAGISTRATE JUDGE ABEL**

    **Respondent.**

### OPINION AND ORDER

On March 21, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that claim two of the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed and that further proceedings be stayed pending petitioner's exhaustion of state court remedies. Surprisingly, respondent has filed objections to the Magistrate Judge's *Report and Recommendation.*

Respondent objects to the Magistrate Judge's recommendation that proceedings be stayed so that petitioner may file a delayed 26(B) application in the state courts. Although petitioner did not raise the ineffective assistance of counsel as an independent claim in this federal habeas corpus petition, as noted by the Magistrate Judge, such claim may constitute cause for his procedural default of claim one, in which he alleges that his sentence violates *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Further, as also noted by the Magistrate Judge, in view of the Ohio Supreme Court's recent decision in *State v. Foster,* – Ohio St.3d –, 2006 509549 (Ohio, February 27, 20-06), petitioner's *Blakely* claim arguably is meritorious.

Respondent argues that the Magistrate Judge improperly raised the issue of ineffective assistance of counsel as potentially establishing cause for the procedural default of petitioner's

*Blakely* claim.  However, this Court is not aware of, and respondent has referred to no cases standing for the proposition that a Federal District Court may not presume that a *pro se* petitioner asserts the ineffective assistance of counsel as cause for the procedural default of another claim.  Respondent further argues that a stay is not appropriate in this case under *Palmer v. Carlton,* 276 F.3d 777 (6th Cir. 2002), or *Rhines v. Weber*, 125 S.Ct. 1528 (2005).  For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, respondent's arguments are not well taken.

Respondent's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**

Claim two is **DISMISSED**.  Further proceedings are **STAYED** pending petitioner's completion of 26(B) proceedings in the state courts.  Petitioner is **DIRECTED** to initiate state court action within thirty (30) days and to notify this Court within thirty (30) days of completion of 26(B) proceedings.  Failure to comply with the foregoing may result in dismissal of this action.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
    ALGENON L. MARBLEY
    United States District Judge