IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS NOLAND,**

    Petitioner,

v.                                       Case No. 2:05-cv-682

**PAT HURLEY, Warden,**             **JUDGE WATSON**

    Respondent.

## OPINION AND ORDER

On January 17, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas pursuant to 28 U.S.C. §2254 conditionally be granted on petitioner's claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and that petitioner's sentence be vacated and petitioner released from incarceration unless the State of Ohio re-sentences him within ninety days. Doc. No. 22. Respondent has filed objections to the Magistrate Judge's recommendation that the petition conditionally be granted. Doc. No. 23.

Respondent argues that petitioner cannot benefit from the United States Supreme Court's holding in *Blakely* because his claim that his sentence violated *Blakely* is presented in federal habeas corpus proceedings, *i.e.*, on collateral review, and not on direct appeal. *Objections*, at 4. Respondent refers to *Minor v. Wilson* 2007 WL 106771 (6th Cir. January 17, 2007), and *English v. Brooks*, 2006 WL 2849733 (N.D. Ohio September 30, 2006), in support of this argument. *See Exhibits to Objections*, Doc. No. 23. Neither of these cases, however, are analogous to the scenario in this case. In *Minor v. Wilson, supra,* an unpublished decision, the United States Court of Appeals for

the Sixth Circuit's rejected Minor's claim of ineffective assistance of appellate counsel for failure to challenge Minor's sentence as imposed in violation of state law, concluding that Minor could not establish that his attorney had acted unreasonably under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to raise on appeal an issue that the trial court had failed to comply with Ohio's sentencing statutes when it imposed consecutive sentences. In a footnote, the Sixth Circuit stated that *Minor* could not benefit from *State v. Foster*, 109 Ohio St.3d 1 (2006), which invalidated portions of Ohio's sentencing statutes as unconstitutional after *Blakely*, because *Foster* applied only to cases pending on direct review, and because *Foster* actually worked "to Minor's detriment, as trial courts are no longer required to make any findings or give any reasons when imposing consecutive sentences." However, the Sixth Circuit in *Minor v. Wilson* did not consider the issue of harmless error in the context of an otherwise meritorious *Blakely* claim.[1] Notably, moroeever, in both *Minor v. Wilson, supra,* and *English v. Brooks, supra,* the defendants' sentences – unlike Noland's – became final long before the Supreme Court's decision in *Blakely*. See *Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005)(*Blakely* is not to be applied retroactively to cases on collateral review).

Noland was re-sentenced in January 2004. His attorney filed a request to withdraw as counsel under *Anders v. California,* 386 U.S. 738 (1967), in May 2004. Petitioner filed a *pro se* supplemental brief on June 24, 2004, the day that *Blakely* was decided. The state appellate court affirmed petitioner's sentence on November 5, 2004. Thus, *Blakely* is applicable to petitioner's sentence in this case. Petitioner raised his

---

[1] The Sixth Circuit also did not address whether or not Minor could establish prejudice from his attorney's failure to raise the sentencing issue on direct appeal.

2

*Blakely* claim on appeal to the Ohio Supreme Court.

Respondent objects to the Magistrate Judge's conclusion that petitioner's claim that his sentence violated *Blakely* is not procedurally defaulted  *See Supplemental Authority Supporting Objections*, Doc. No. 25.  Respondent appears to again argue that, although *Blakely* was not decided until after petitioner's attorney had filed a request to withdraw, petitioner nonetheless was required to raise his *Blakely* claim in the state appellate court, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in order to preserve such claim for federal habeas corpus review.  Respondent has attached in support of this argument, a *Report and Recommendation* of Magistrate Judge Mertz in *Furlow v. Moore*, No. 3:06-cv-108 (S.D. Ohio, Western Division, January 25, 2007).  *See Supplemental Authority Supporting Objections*, Doc. No. 25.  Magistrate Judge Mertz recommended in *Furlow v. Moore, supra,* that the *Blakely* claim be dismissed as procedurally defaulted because, although *Blakely* was not decided until after Furlow filed his appellate brief, Furlow failed to raise an issue under *Apprendi v. New Jersey, supra,* on direct appeal.  *See id., Exhibit to Supplemental Authority Supporting Objections*, Doc. No. 25.

The recommendation in *Furlow v. Moore, supra,* is not binding on this Court. Further, as noted by the Magistrate Judge, petitioner's sentence did not violate *Apprendi*, as that case had been interpreted prior to the Supreme Court's decision in *Blakely*, as he was not sentenced beyond the statutory maximum term authorized for a conviction of rape under O.R.C. §2907.02.  *See* O.R.C. §2929.14(A)(1).  Thus, this Court agrees with the Magistrate Judge's conclusion that petitioner was not unreasonable in failing to anticipate the Supreme Court's decision in *Blakely*, and is not precluded from raising his

*Blakely* claim in federal habeas corpus proceedings. *See United States v. Burgess*, 142 Fed.Appx. 232, 241, unpublished, 2005 WL 1515327 (6thCir. June 22, 2005)(failure to predict *United States v. Booker*, 543 U.S. 220 (2005) does not constitute ineffective assistance); *Raines v. United States*, 2006 WL 335695 (W.D. Michigan, February 13, 2006)(same).

Citing *Washington v. Recuenco,* --- U.S. ----, 126 S.Ct. 2546 (2006), respondent also again argues that petitioner cannot establish prejudice from any *Blakely* error because the trial court may re-impose the same sentence *Objections,* at 6-8. In support of this argument, respondent has attached, in addition to cases previously discussed, *Shafer v. Wilson*, 2007 WL 315760 (N.D. Ohio January 30, 2007), *see Exhibit to Supplemental Authority Supporting Objections,* Doc. No. 26, wherein Judge Gwin sustained the respondent's objection to Magistrate Judge's recommendation that the petition for a writ of habeas corpus be granted on a *Blakely* claim, by concluding that the *Blakely* error was harmless:

> After the Ohio Supreme Court's decision in *State v. Foster,* sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings. *See Foster,* 845 N.E.2d at 496. Stated otherwise, because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief. In light of the fact that the Supreme Court has held that *Blakely* violations are not "structural" errors that require automatic reversal, we therefore agree with Respondent that no basis exists for granting the Petitioner's request for relief despite the fact that his re-sentencing clearly did violate *Blakely*.

4

*Id.* Respondent also refers to *United States v. Satterfield,* 2006 WL 2986449 (6th Cir. October 18, 2006), an unpublished decision, wherein the United States Court of Appeals for the Sixth Circuit held the District Court's error in sentencing the defendant post-*Blakely,* but pre-*Booker,* to 36 months incarceration without consideration of the United States Sentencing Guidelines was harmless, because it was "well-below the advisory guideline range of 87-108 months." *Id.*

After careful consideration of the entire record, and for the reasons detailed by the Magistrate Judge, *see Report and Recommendation* at 17-21, this Court remains unpersuaded by respondent's argument that the *Blakely* error was harmless.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by respondent. For all of the foregoing reasons, and for the reasons discussed in the *Report and Recommendation,* respondent's objections are **OVERRULED** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas is conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely v. Washington,* 542 U.S. 296 (2004). Petitioner sentence is **VACATED,** and petitioner must be released from incarceration unless the State of Ohio re-sentences him within ninety days.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COUR**